# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-123 (JNE/BRT) |
| Plaintiff, | |
| v. | |
| Steven Walter Smialek (1), | **ORDER** |
| Defendant. | |

Sarah E. Hudleston, Esq., United States Attorney's Office, counsel for Plaintiff.

Douglas L. Micko, Esq., Office of the Federal Defender, counsel for Defendant Smialek.

This action came on for hearing before the Court on July 24, 2018, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Steven Walter Smialek presented various pretrial motions, and the Government presented a motion for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.    The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if

Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also appears to seek notice pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant has filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules**.** The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 19**) is **GRANTED**.

2. **Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to produce all known statements made by Defendant that are within the Government's possession, custody or control, as well as a copy of his prior criminal record. Defendant also requests permission to inspect all material evidence and all reports of examinations and scientific tests within the Government's possession. The Government represents that it has complied with all of its discovery obligations under the Rules and that it will continue to comply. Defendant's Motion for Discovery and Inspection (**Doc. No. 28**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot.

3. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at

least two weeks before trial. The Government objects to this motion on the grounds the Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Material **(Doc. No. 29)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material as it has represented that it already has and would.

4. **Defendant's Motion for Government Agents to Retain Rough Notes.**

Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government agrees to instruct its agents to retain rough notes, but objects to an order concerning the disclosure of such rough notes. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 30)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

5. **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).**

Defendant seeks an order requiring the Government to disclose expert testimony and a written summary of all expert testimony the Government intends to use at trial. The Government represents that it will fully comply with Rule 16(a). The Government

requests that the Court order that both parties make expert disclosures no later than two weeks before trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (**Doc. No. 31**) is **GRANTED** to the extent that it conforms to the scope of Rule 16. Expert-witness information shall be disclosed at least **fourteen days** prior to trial.

6. **Defendant's Motion to Suppress Eyewitness Identifications.** Defendant seeks an order suppressing all eyewitness identification of him. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **August 7, 2018**, and the Government shall file its response by **August 14, 2018.** The Court will take Defendant's Motion to Suppress Eyewitness Identifications (**Doc. No. 32**) under advisement on **August 14, 2018**, and issue a **Report and Recommendation** to the District Court.

7. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of search and seizure, based on several generic grounds. The Government opposes the motion and argues the "bare and baseless motion should be summarily denied." (Doc. No. 46 at 6.) The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **August 7, 2018**, and the Government shall file its response by **August 14, 2018.** The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Doc. No. 33**) under advisement on **August 14, 2018, 2018**, and issue a **Report and Recommendation** to the District Court.

8. **Defendant's Motion to Suppress Statements, Admissions, and Answers.**
Defendant seeks an order suppressing all statements, admissions and answers made by Defendant prior to, at the time of, or after his arrest. In particular, Defendant points to his interrogation by two government officials after his arrest and while he was in custody. The Government opposes the motion and argues the motion should be summarily denied. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **August 7, 2018**, and the Government shall file its response by **August 14, 2018.** The Court will take Defendant's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 34)** under advisement on **August 14, 2018, 2018**, and issue a **Report and Recommendation** to the District Court.

9. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence.**
Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). Defendant also asks for the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it is aware of its obligations and will comply Rule 404(b). Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 35)** is **GRANTED** to the extent that the Government must disclose Rule 404(b) evidence no later than **fourteen days** prior to trial.

10. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and

will continued to comply with its obligations under *Brady* and *Giglio*. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 37)** is **GRANTED** to the extent required by *Brady* and *Giglio*. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant prior to trial as is customarily done in this District.

11. **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Defendant seeks disclosure and certification of the electronic surveillance, including either wiretapping and interceptions of telephone conversations, or any form of surveillance by radio transmissions or receptions, or any other form of electronic surveillance or detection used by the Government in its investigation of the Defendant. Defendant also seeks disclosure of all matters pertaining thereto. The Government represents that is has not used any electronic surveillance or detection in this case. Based on the Government's representation, Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 39)** is **DENIED AS MOOT**. Requests for audio and video recordings of Defendant have been granted above with respect to Defendant's Motion for Discovery and Inspection (Doc. No. 28).

12. **Defendant's Motion to Disclose and Make Informant Available for Interview.** Defendant moves to compel the Government to disclose the identity of any informants involved in this case, to make them available for an interview, and to disclose the prior criminal convictions of such informants. The Government asserts that there are

6

no paid government informants in this case, asserts that the employee at one of Defendant's prior workplaces was a mere tipster and was not an active participant in the underlying offense, and otherwise objects to Defendant's motion. The Government represents that it does not intend to call the employee informant as a witness at trial, but if this changes, it will provide Jencks Act and *Giglio* material as required by law. Defendant's Motion to Disclose and Make Informant Available for Interview (**Doc. No. 40**) is **GRANTED** to the extent that the Government shall disclose the identities and file information of any informants who were active participants in the alleged offenses or will testify at trial. The Government shall produce this information no later than **fourteen days** before trial. Further, the Government shall make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law, and shall continue to provide information as required by *Brady*, *Giglio*, and their progeny. The motion is otherwise **DENIED**; for example, the motion is **DENIED** to the extent that the Jencks Act protects disclosure.

13. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by District Judge Joan N. Ericksen.

Date: July 24, 2018

      *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge